KERR–McGEE CORPORATION, a Delaware corporation, Plaintiff-Appellee,

v.

NAVAJO TRIBE OF INDIANS, Defendant-Appellant.

KERR–McGEE CORPORATION, a Delaware corporation, Plaintiff-Appellant,

v.

NAVAJO TRIBE OF INDIANS, a tribe of American Indians recognized by the United States Department of the Interior, et al., Defendants-Appellees.

Nos. 82–5725, 82–5736.

United States Court of Appeals, Ninth Circuit.

April 17, 1984.

Alvin H. Shrago, Fred E. Ferguson, Jr., Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., for Kerr-McGee.

Carol E. Dinkins, Asst. Atty. Gen., Dirk D. Snel, Kay L. Richman, Attys., Dept. of Justice, David Etheridge, Atty., Dept. of Interior, Washington, D.C., for amicus U.S.

George P. Vlassis, Katherine Ott, Vlassis & Ott, Phoenix, Ariz., for Navajo Indian Tribe.

Before MERRILL, SKOPIL and FERGUSON, Circuit Judges.

MERRILL, Circuit Judge.

In its appeal in this action Kerr-McGee argued that the Navajo Tribe ought to be estopped from relitigating the issue of the necessity of approval by the Secretary of the Interior of certain taxes levied by the Navajo Tribe on mineral leases issued by the Tribe. Kerr-McGee had successfully urged the District Court to follow the holding of the Federal District Court for the District of Utah in *Southland Royalty Co. v. Navajo Tribe of Indians,* No. 79–0140

(D. Utah, March 8, 1979), so as to collaterally estop the Tribe from litigating the Secretary approval issue in the instant action.

In our Opinion, *Kerr-McGee v. Navajo Tribe of Indians*, 731 F.2d 597 (1984), we noted that the Tenth Circuit had, in the interim, reversed the Utah District Court in its holding that approval of the Tribe's tax by the Secretary of the Interior was required. *Southland Royalty Co. v. Navajo Tribe of Indians*, 715 F.2d 486 (10th Cir. 1983). Accordingly, while we agreed with the reasoning of the Tenth Circuit in its conclusion that Secretarial approval was not required, we found it, of course, unnecessary to determine whether the Tribe was collaterally estopped from litigating the issue in light of the reversal of the lower court's opinion.

It is possible that the Tenth Circuit may yet consider the issue of Secretarial approval *en banc* and conclude—as did the Utah District Court—that approval by the Secretary of the Interior is the *sine qua non* of Indian taxation. In the event of such a determination by the Tenth Circuit, either *en banc* or upon rehearing, Kerr-McGee may again find it appropriate to raise the estoppel argument with respect to the issue of Secretarial approval. Nothing in our Opinion ought to be construed as precluding such action by Kerr-McGee in the event of a determination by the Tenth Circuit of the need for approval of the Navajo tax by the Secretary of Interior.

IT IS SO ORDERED.